382 Mass. 309                                             309

Pruner v. Clerk of the Superior Court in the County of Norfolk.

ROBERT A. PRUNER vs. CLERK OF THE SUPERIOR COURT
IN THE COUNTY OF NORFOLK & others.[1]

Suffolk. November 3, 1980. — January 14, 1981.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Negligence,* Clerk of court. *Limitations, Statute of. Massachusetts Tort
Claims Act.*

On review of a civil action against the clerk and former assistant clerk of
the Superior Court for the county of Norfolk, this court was inclined to
consider the defendants as public employees for purposes of § 2 of
G. L. c. 258, the Massachusetts Tort Claims Act, in view of the ap-
parent purpose of the act to establish governmental immunity within
certain limits, making the government and its subdivisions liable while
ensuring immunity for individuals working within the government.
[313-315]

A civil action against the clerk and former assistant clerk of the Superior
Court for the county of Norfolk for negligence in issuing an erroneous
certificate of judgment which resulted in the discharge of a real estate
attachment made by the plaintiff was properly dismissed where the
plaintiff failed to comply with the prerequisites for filing suit against a
public employer contained in § 4 of G. L. c. 258, the Massachusetts
Tort Claims Act. [315-316]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on August 1, 1978.

The case was heard by *Quirico,* J.

*Robert H. Monheimer* for the plaintiff.

*George M. Ford* for the defendants.

BY THE COURT. This is a civil action commenced in the
Supreme Judicial Court for the county of Suffolk on Au-

---

[1] The defendants are: John P. Concannon, clerk of the Superior Court
in the county of Norfolk; Patrick J. Hurley, former assistant clerk of that
court; and American Employer's Insurance Company, surety on perform-
ance bonds filed by Concannon and Hurley for the year 1973.

gust 1, 1978. On January 12, 1979, the defendants filed motions to dismiss for failure to state a claim on which relief may be granted, stating independent and alternative grounds therefor. After a hearing, a single justice of this court allowed the motions, and on April 16, 1980, judgment was entered dismissing the complaint. The plaintiff now appeals from the judgment of dismissal entered in favor of the defendants Concannon and Hurley.[2] We conclude that there was no error.

The following facts, which do not appear to be in dispute, are alleged in the plaintiff's complaint and briefs. On March 6, 1972, the plaintiff Pruner commenced an action in the Superior Court in Norfolk County against James A. Ramsey. In connection with that action, Pruner made an attachment of Ramsey's real estate in the amount of $20,000 and recorded the attachment in the registry of deeds. On February 5, 1973, a partial judgment was entered in favor of Pruner on his demurrer to a declaration in set-off that had been filed by Ramsey. On April 26, 1973, several years before any decision was rendered in Pruner's suit against Ramsey, the defendant Hurley issued a certificate of judgment erroneously indicating that a judgment had been entered in Ramsey's favor.[3] Ramsey filed this certificate of judgment at the registry of deeds, resulting in the discharge of Pruner's real estate attachment on May 30, 1973. On August 15, 1974, Ramsey, without notifying Pruner, conveyed the real estate to a bona fide pur-

---

[2] No appeal was taken from the dismissal entered in favor of the defendant American Employer's Insurance Company.

[3] According to an affidavit submitted by Hurley, he issued the certificate in reliance on the docket which then, upon his information and belief, and his knowledge of standard court procedures, read "Judgt for defts. Costs $17.50." At some later time, again according to Hurley's information and belief, the words "in set-off" were added above and after the word "defts.," in a different handwriting. Neither the original docket entry nor the later insertion was made by Hurley. Because of insufficient facts in the record concerning the role of Ramsey's attorney in this sequence of events, we express no opinion as to whether that lawyer should have recognized the error or was otherwise at fault.

chaser for value. On August 9, 1977, judgment was entered for Pruner in his suit against Ramsey, and execution issued in the amount of $16,666.70. On October 7, 1977, a sheriff attempted, unsuccessfully, to levy upon Ramsey's real estate that had been the subject of the attachment. Not until that date did Pruner become aware of the issuance of the erroneous certificate of judgment in favor of Ramsey.

On August 1, 1978, Pruner sued the defendants Hurley and Concannon, alleging that he sustained damages as a result of their negligence in causing the erroneous certificate of judgment to be issued.[4] The single justice granted the defendants' motion to dismiss the complaint on the ground that the suit was barred by the three-year statute of limitations, G. L. c. 260, § 2A. Additional grounds for dismissal asserted by the defendants are that the plaintiff's suit is barred by the common law doctrine of governmental immunity and by the Massachusetts Tort Claims Act, G. L. c. 258, as appearing in St. 1978, c. 512, § 15 (the Act), whichever governs.

The plaintiff argues that the single justice was in error in his conclusion that the suit is barred by the statute of limitations. Even if we assume that the statute of limitations poses no bar, however, and that the suit is governed by the Massachusetts Tort Claims Act, we conclude that the complaint still must be dismissed, under the terms of that act.

1. *The Statute of Limitations.*

The defendants first contend that because the alleged negligent conduct on the part of Hurley occurred in April, 1973, more than five years before the plaintiff commenced this action on August 1, 1978, the action is barred by the three-year statute of limitations, G. L. c. 260, § 2A.[5] Ac-

---

[4] Pruner alleges that Ramsey was discharged in bankruptcy in 1977 and hence Pruner has been unable to collect on his judgment.

[5] General Laws c. 260, § 2A, as amended through St. 1973, c. 777, § 1, provides: "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."

cording to this argument, the plaintiff's cause of action "accrued" at the time of the allegedly negligent acts by the defendants, even though the plaintiff was then unaware that the acts had occurred.

On the other hand, the plaintiff relies upon a variety of tort cases in which we have concluded that, unless the Legislature specifies otherwise, a plaintiff's cause of action does not necessarily accrue when the defendant commits the negligent act, but rather accrues "on the happening of an event likely to put the plaintiff on notice." *Franklin* v. *Albert*, 381 Mass. 611, 618 (1980), quoting from *Hendrickson* v. *Sears*, 365 Mass. 83, 89-90 (1974), and cases cited. In *Franklin*, for example, we held that a medical malpractice action accrues when the plaintiff learns, or reasonably should have learned, that he has been harmed by the defendant's negligent conduct. 381 Mass. at 612.

In meeting this line of cases, the defendants contend that the plaintiff's action is barred because the errors were "patent on the public record." In rebuttal, the plaintiff argues that neither the incorrect docket entry, nor the recording at the registry of deeds of the erroneous certificate of judgment, constituted sufficient notice to the plaintiff so as to cause the statute of limitations to run. The plaintiff argues that he had no duty to supervise or check the docket entry of February 5, 1973; that he had the right to assume that the official actions of the clerk's office would be performed correctly;[6] and that he was not required to check periodically at the registry of deeds to make sure that his real estate attachment had not been improperly discharged during his suit against the owner of the real estate.[7] To require such

---

[6] Cf. *Hendrickson* v. *Sears*, 365 Mass. 83, 90 (1974), in which the plaintiff's natural and justifiable reliance on his attorney's title search absolved him of the necessity of duplicating that search to check its accuracy.

[7] The defendants erroneously characterize the circumstances here as "almost identical" to those in *Friedman* v. *Jablonski*, 371 Mass. 482 (1976). There, the plaintiffs had bought land from the defendants, who allegedly had misrepresented that a right of way existed over adjacent property. Applying a discovery rule to the cause of action for deceit in the

supervision of official court processes, says the plaintiff, would be to impose an unwarranted burden on litigants and their attorneys.

We need not and do not reach the statute of limitations arguments of the plaintiff. If his argument on this issue is unavailing, his complaint must of course be dismissed. However, even if we accept his argument and conclude that his cause of action accrued on October 7, 1977, the date he first learned or reasonably should have learned of the harm to him, his complaint, nonetheless, must be dismissed under the Massachusetts Tort Claims Act, G. L. c. 258, as appearing in St. 1978, c. 512, § 15, which applies to causes of action against the government and its officials arising on or after August 16, 1977. St. 1978, c. 512, § 16.[8]

2. *Massachusetts Tort Claims Act.*

The Act makes "public employers" liable for losses caused by the negligence of "public employees" acting in the scope of their employment. G. L. c. 258, § 2. The employee himself is not liable for his own negligence, however, unless he fails to cooperate with his employer in defending a suit brought against the employer. *Id.*[9] Whether the defend-

---

sale of real estate, *id.* at 485-486, we concluded that, because a right of way is an interest in land that might appear of record in the registry of deeds, "[a]s matter of law, the plaintiffs could reasonably have known of the misrepresentation concerning the right of way at least by the date they accepted a deed to the premises." *Id.* at 486. Here, in contrast, once the real estate attachment had been made, there was *no* event, much less one comparable to the purchase of real estate in *Friedman*, that should have prompted the plaintiff to check the records at the registry of deeds.

[8] Both parties recognize that if the plaintiff's claim is deemed to have arisen on or after August 16, 1977, the Act governs, and not the prior common law doctrine of governmental immunity.

[9] General Laws c. 258, § 2, reads in relevant part: "Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . . . The remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer, or the public employee . . . whose negligent or wrongful act or omission gave rise to such claim, and no such

ants may be characterized as public employers or public employees thus determines whether or not they are immune from liability.

"Public employees" are defined as "elected or appointed, officers or employees of any public employer." G. L. c. 258, § 1, as appearing in St. 1978, c. 512, § 15. Included within the definition of "public employer" are "the commonwealth and any county, city, town or district, and any department, office, commission, committee, council, board, division, bureau, institution or agency thereof [which] exercises direction and control over the public employee." Id.[10] Under these definitions, both defendants seem more readily classifiable as employees simply because they are individuals, elected or appointed officers, rather than political subdivisions or other governmental entities. Under this reasoning, their employer at the relevant date here was the county, see G. L. c. 221, § 94, as amended through St. 1974, c. 726, § 1, which should have been made the defendant in this action. One could argue, however, that the word "office" in the definition of public employer includes the office of the clerk of Norfolk County, and hence includes the defendant Concannon who, at the time of the con-

---

public employee . . . shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment; provided, however, that a public employee shall provide reasonable cooperation to the public employer in the defense of any action brought under this chapter."

[10] The complete definitions, as in effect during the litigation in the county court, are as follows: "'Public employee', elected or appointed, officers or employees of any public employer, whether serving full or part-time, temporary or permanent, compensated or uncompensated, and officers or soldiers of the military forces of the commonwealth.

"'Public employer', the commonwealth and any county, city, town or district, and any department, office, commission, committee, council, board, division, bureau, institution or agency thereof [which] exercises direction and control over the public employee, but not a private contractor with any such public employer, the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, the Massachusetts Turnpike Authority, or any other independent body politic and corporate."

duct complained of, exercised "direction and control" over the defendant Hurley. Nonetheless, we are inclined to consider these defendants as public employees, in view of the apparent purpose of the Act to establish governmental immunity within certain limits, making the government and its subdivisions liable while ensuring immunity for individuals working within the government.

The plaintiff's action is barred for reasons independent of the question of immunity for these particular defendants,[11] for even if the defendants are *not* immune from suit under G. L. c. 258, § 2, the plaintiff has failed to comply with the statutory prerequisites for filing suit contained in G. L. c. 258, § 4. Before any civil action for damages may be brought against a public employer, the claimant must present his claim to the employer's executive officer; only if the claim is denied, or if the executive officer fails to deny the claim within six months of its presentment, may the claimant file a civil suit.[12] The claimant must present his claim to the executive officer "within two years after the date upon which the cause of action arose." *Id.* In this case, assuming the cause of action arose on October 7, 1977, the plain-

---

[11] If the wrong party has been sued, the usual procedure is to remand the case so as to give the plaintiff the opportunity to amend the complaint to substitute the proper defendant; the amendment would relate back to the date of the original complaint, in this case August 1, 1978. See Mass. R. Civ. P. 15 (c), 365 Mass. 761 (1974). Such an order would be futile here, however, because, as discussed in the balance of the opinion, the plaintiff's action is barred for failure to comply with G. L. c. 258, § 4.

[12] General Laws c. 258, § 4, reads in relevant part: "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section. The failure of the executive officer to deny such claim in writing within six months after the date upon which it is presented, or the failure to reach final arbitration, settlement or compromise of such claim according to the provisions of section five, shall be deemed a final denial of such claim. No civil action shall be brought more than three years after the date upon which such cause of action accrued."

tiff had until October 7, 1979, to comply with the requirements of G. L. c. 258, § 4. For no discernible reason, he has failed to do so. Nor has he suggested any reason why we should interpret § 4 in a manner other than that indicated by the plain meaning of the section: i.e., that no civil action under c. 258 can be maintained if the claimant has failed to present his claim within two years after that claim arose. The lack of compliance with § 4 was argued by the defendants (and ignored by the plaintiff) not only in their brief on appeal to this court, but also in their memorandum in support of their motion to dismiss filed on January 12, 1979, almost nine months before the two-year expiration mandated by § 4 had expired. The plaintiff has not responded to the argument that § 4 constitutes a bar to his suit, either by taking the opportunity to satisfy § 4's requirements between January 12, 1979, and October 7, 1979, or by offering reasons why we should not apply § 4 to this case. We conclude that § 4 applies to bar the plaintiff's claim,[13] and the complaint must be dismissed on that additional ground.

We affirm the judgment dismissing the complaint.

*So ordered.*

---

[13] Under these circumstances, we need not decide whether situations might exist in which § 4's claim procedure and two-year cutoff should be held inapplicable.