GERALD PROFFIT vs. COMMONWEALTH.

Plymouth. January 4, 1982. — April 12, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Massachusetts Tort Claims Act.  Statute,* Retroactivity.

Although G. L. c. 258, the Massachusetts Tort Claims Act, by its terms
applied retroactively to a plaintiff's cause of action which arose on
September 20, 1977, the requirement of G. L. c. 258, § 4, that the
plaintiff present a written claim to the public employer's executive of-
ficer before commencing the action was not applicable to an action
commenced before the act took effect. [782-783]

CIVIL ACTION commenced in the Superior Court on
March 22, 1978.

The case was heard by *Byron,* J., on a motion for sum-
mary judgment and was reported by him to the Appeals
Court.  The Supreme Judicial Court ordered direct review
on its own initiative.

*James J. Caruso,* Assistant Attorney General (*Vincent Di-
Cianni,* Assistant Attorney General, with him) for the Com-
monwealth.

*William G. Billingham* for the plaintiff.

O'CONNOR, J.  The complaint, filed in the Superior Court
on March 22, 1978, alleges that the plaintiff sustained in-
juries in a fall on September 20, 1977, resulting from the
negligence of one of the defendant's employees for whose
conduct the defendant is responsible.  On February 2,
1981, the defendant filed a motion for dismissal or summary
judgment, which the trial judge treated as a motion for
summary judgment.  The basis of the motion was that
G. L. c. 258 provides the plaintiff's only remedy, and § 4 of
that chapter requires a plaintiff to present a claim in writing
to the executive officer of the appropriate public employer

before commencing suit, which the plaintiff had not done. The judge denied the motion, filed a memorandum of decision, and, at the plaintiff's request, reported the case to the Appeals Court. We took the case on our own motion. We affirm.

Statute 1978, c. 512, § 15, amended the General Laws by striking out former c. 258 and inserting a new c. 258. Statute 1978, c. 512, § 15, was approved on July 20, 1978, and by § 16 was made effective upon passage and applicable to all causes of action arising on or after August 16, 1977. The plaintiff's cause of action arose on September 20, 1977, the day he was injured, and c. 258 applies to it. However, c. 258 became effective July 20, 1978, and is to be read as of that day, and not as of August 16, 1977, as the defendant's argument implies.

General Laws c. 258, § 4, provides in relevant part that "[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer." By its terms, St. 1978, c. 512, § 16, reflects the distinction between the cause for which a civil action may be brought (cause of action) and the action itself. General Laws c. 258 applies retroactively to causes of action arising on or after August 16, 1977, but it does not apply retroactively to actions brought before its effective date, July 20, 1978. Thus, after July 20, 1978, no civil action may be instituted against a public employer on a claim under c. 258 arising out of injuries occurring on or after August 16, 1977, without a prior presentment of written claim to the public employer's executive officer. As to actions instituted before the statute's effective date, presentment is not required. Therefore, the plaintiff was not required to present a written claim before instituting this action on March 22, 1978.

In *Pruner* v. *Clerk of the Superior Court,* 382 Mass. 309 (1981), we affirmed a judgment dismissing a complaint. One of the grounds for dismissal was that the action was commenced without compliance with c. 258, § 4. *Id.* at

316. *Pruner* is clearly distinguishable from the present case because the action there was commenced after the effective date of c. 258. *Id.* at 309-310.

The judge's denial of the defendant's motion for summary judgment is affirmed.

*So ordered.*