GERARD H. BRANDI & another[1] *vs.* NATIONAL BULK CARRIERS, INC. & another.[2] June 15, 1982. The plaintiffs filed a complaint against National Bulk Carriers, Inc. (National), a Delaware corporation. Personal service of the summons and complaint was made on one Jerome W. Magnifico, Jr., a Massachusetts resident, as "resident agent for [National]." The

---

[1] Lynda Brandi.

[2] Westend Properties Limited.

complaint alleged that as a result of a fire at the Southampton Princess Hotel in Bermuda, the plaintiffs suffered damages. The complaint was based on a breach of an implied warranty of safety and on negligence. As a result of National's answers to their interrogatories, the plaintiffs discovered that the hotel was owned by Westend Properties Limited (Westend). The complaint was amended to include Westend as a defendant, and service was again made on Magnifico, as "agent in charge of [Westend's] business at time of said service." National filed a motion for summary judgment pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974), and Westend filed a motion to quash or, alternatively, to dismiss on several grounds, including lack of personal jurisdiction. Mass.R.Civ.P. 12(b)(2) & (5), 365 Mass. 755 (1974). After a hearing, a Superior Court judge allowed National's and Westend's motions, and the plaintiffs have appealed.

1. *National's motion for summary judgment.* There was no error in the allowance of National's motion for summary judgment. In support of its motion, National filed an affidavit of one of its officers, one Funke. He described with particularity the services provided by National on a contract basis to all the Princess Hotels, including the Southampton Princess. The affidavit stated that National did not own, operate or control the operations of the Southampton Princess. The statements in the affidavit were not legal conclusions, as the affiant, by virtue of being an officer of National, possessed the requisite knowledge and capacity to state whether National held any ownership interest in the Southampton Princess, whether it exercised any control over hotel operations, and whether it was involved in any aspect of such operations. The plaintiffs did not respond by alleging specific facts which established a triable issue. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976). Since there was no basis for finding that National had control over the hotel, the plaintiffs' theories of liability need not be examined.

2. *Westend's dismissal motion.* On a motion filed pursuant to Mass. R.Civ.P. 12(b)(2) & (5), 365 Mass. 755 (1974), the plaintiffs had the burden of establishing the facts on which they predicated jurisdiction over the defendant. *Droukas* v. *Divers Training Academy, Inc.*, 375 Mass. 149, 151 (1978). The plaintiffs relied on the affidavit of Gerard Brandi, the pleadings, selected portions of affidavits filed by the defendant, and part of a transcript of a deposition of Magnifico. The defendant submitted another affidavit of Funke and also an affidavit of Magnifico. The undisputed facts were that the plaintiffs made arrangements through an independent travel agent to spend their vacation at the Southampton Princess, which is owned by Westend, a Bermuda corporation. Westend does not have an office or resident agent in Massachusetts, nor does the Southampton Princess have a telephone listing in the Commonwealth. The plaintiffs' contention that Westend's business was transacted through an agent, Magnifico, is without factual support. Magnifico was an employee of National and was not subject to supervision or control by Westend. The

plaintiffs presented no facts from which it might be deduced that Westend solicited business in Massachusetts by advertising that Magnifico was its resident agent or by publishing his telephone number. Compare *Jet Mfg. Co.* v. *Sanford Ink Co.*, 330 Mass. 173, 176 (1953); *Campbell* v. *Frontier Fishing & Hunting, Ltd.*, 10 Mass. App. Ct. 53, 54 (1980). Magnifico was not an agent for the purposes of G. L. c. 223, §§ 37 & 38, nor did Westend transact business in the Commonwealth. G. L. c. 223A, § 3(a). Magnifico's involvement in a bank promotion whereby he furnished information on the hotel was an "isolated transaction." See *Droukas* v. *Divers Training Academy, Inc.*, *supra* at 154. The judge's action in allowing the motion was correct.

*Judgment affirmed.*

*Alexander H. Pratt, Jr.*, for the plaintiffs.
*D. Alice Olsen* for the defendants.