PAULINE FLORIO, administratrix, *vs.* JAMES KENNEDY. June 21, 1984.
*Practice, Civil,* Summary judgment.

The plaintiff has appealed from a summary judgment entered against her in the Superior Court. The plaintiff filed a complaint alleging that the defendant, a physician, was negligent in his treatment of the plaintiff's decedent and that such negligence resulted in his death. The complaint alleged that the treatment took place on or about April 26 and 27, 1978, at the Worcester State Hospital (hospital) where the plaintiff's decedent was a patient.[1] The defendant moved to dismiss the complaint on the ground that, as a member of the staff of the hospital, he was a "public employee" within the meaning of G. L. c. 258, § 1, and therefore immune from tort

---

[1] The hospital, for reasons not disclosed in the record, was not sued.

liability under G. L. c. 258, § 2, inserted by St. 1978, c. 512, § 15.[2] Because both parties submitted affidavits, the judge treated the motion as one for summary judgment. Mass.R.Civ.P. 12(b), 365 Mass. 755 (1974). He denied the motion, ruling that the affidavit of one Foran submitted by the defendant failed to establish that the defendant was a public employee. The defendant then sought reconsideration of his motion and submitted a supplemental affidavit of Foran and an affidavit of the defendant, with certain documents. These materials alleged certain facts tending to show that the defendant worked under the direction and control of the hospital. The plaintiff, in turn, filed an affidavit, the contents of which we discuss later. Presumably on the basis of the fresh affidavits and other documents submitted by the defendant, the judge granted summary judgment in his favor. The plaintiff, on appeal,[3] contends that the materials submitted by the defendant in support of his motion were insufficient to permit summary judgment to be granted in the defendant's favor.

The following undisputed facts were contained in the materials submitted to the judge by the defendant. The defendant was employed as a physician from July 1, 1973, until March 22, 1980, by the hospital, a facility of the Department of Mental Health. He had been fully licensed to practice as a physician in the Commonwealth since January 30, 1978. He was paid a fixed weekly salary by the Commonwealth as a permanent employee and his compensation was drawn from the Commonwealth's 01 salary account. He was a participant in the contributory retirement plan and the Blue Cross/ Blue Shield medical insurance plan offered to employees of the Commonwealth. He was assigned an office at the hospital and was available to patients on a twenty-four hour basis. He worked a minimum of forty hours per week. Prior to the dates of the incident involving the plaintiff's decedent, the defendant did not treat private patients and attended only those patients assigned to him by the hospital. The treatment allegedly received by the plaintiff's decedent from the defendant was administered while he was a patient at the hospital.[4]

---

[2] The Massachusetts Tort Claims Act (Act), G. L. c. 258, renders a public employee not liable for any personal injury or death caused by his negligent act or omission while acting within the scope of his office or employment. See G. L. c. 258, § 2. See *Pruner* v. *Clerk of the Superior Court,* 382 Mass. 309, 313-314 (1981). A public employee is defined in the Act to include employees of any "public employer" and a "public employer" was defined to include "the Commonwealth . . . any department . . . institution or agency thereof [which] exercises direction and control over the public employee. . . ." G. L. c. 258, § 1, inserted by St. 1978, c. 512, § 5.

[3] The defendant contends that the appeal should be dismissed because the plaintiff did not appeal from a final judgment. This contention is without merit. Judgment entered dismissing all claims between the parties. The judgment may be appealed. See *Jones* v. *Nelson,* 484 F.2d 1165, 1167 (10th Cir. 1973).

[4] There are certain statements contained in the affidavits submitted by the defendant which we do not consider in our decision. In his own affidavit the defendant states that

The legal principles governing our disposition of this case are well settled. A motion for summary judgment must be granted forthwith "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553 (1976). The sole issue on appeal is whether there is a genuine issue of material fact as to the public employee status of the defendant.[5] From the affidavits and other materials submitted by the defendant in support of his motion, we conclude that the defendant has shown that there is no genuine issue for trial as to the public employee status of the defendant under the provisions of G. L. c. 258.

As a result of the undisputed facts contained in the defendant's affidavits, the plaintiff had the obligation to respond and allege specific facts which establish that there is a genuine, triable issue as to the status of the defendant as a public employee. *Community Natl. Bank* v. *Dawes, supra* at 554. Instead, the plaintiff submitted an affidavit of a doctor which stated that "the actual performance of [any physician's] professional medical duties are within the discretion of the physician and under his control." That affidavit not only did not allege specific facts but stated an ultimate fact and a conclusion of law. As such, the affidavit cannot be used to defeat summary judgment. *Dolloff* v. *School Comm. of Methuen,* 9 Mass. App. Ct. 502, 505 (1980).

The defendant has met his burden for summary judgment, *Community Natl. Bank* v. *Dawes, supra* at 554, and, therefore, the judgment entered in the Superior Court is affirmed.

*So ordered.*

*Kenneth H. Berkland, Jr.,* for the plaintiff.
*Francis G. Chase,* Assistant Attorney General, *& D. Alice Olsen* for the defendant.

---

he "attended only patients assigned to me by Worcester State Hospital *under whose authority and direction I worked*" (emphasis supplied). We consider the italicized portion to be a legal conclusion and not a fact. See Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). *Brandi* v. *National Bulk Carriers,* 14 Mass. App. Ct. 916, 917 (1982), is not to the contrary. In Foran's supplemental affidavit, he states that the defendant is "subject to the Rules and Regulations of the Department of Mental Health." Those rules were not submitted to the judge, and we have no idea of their contents.

[5] The undisputed facts contained in the defendant's affidavits show that the hospital is a medical facility within the Department of Mental Health. The plaintiff does not contest the public employer status of the hospital.