Travers, J.
The plaintiff, Dolores Boulette (“Boulette"), commenced this negligence action against the defendant, University of Massachusetts Medical Center (“Medical Center”), for recovery for injuries sustained when she slipped and fell on the floor at the Medical Center. In an attempt to comply with G.L.c. 258, Sec. 4, plaintiff presented a letter to the Risk Management Foundation, the claims handler for the Medical Center.
The defendant filed a motion for summary judgment, contending that the plaintiffs presentment was improper as it was not served upon the Attorney General, whom the statute designates as the proper acceptor of the presentment letter. The plaintiff does not argue that her service was improper, instead, the plaintiff contends that equity requires that the defendant should be estopped from raising the defense of improper presentment due to the defendant’s course of dealing with the plaintiff and plaintiffs subsequent reliance. Furthermore, plaintiff asserts that the intent of G.L.c. 258, Sec. 4 has been fulfilled in that the defendant was in fact put on notice of the claim before the commencement of the action.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976), Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc. 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof regarding that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleading and move assertions of disputed facts ...” LaLonde v. Eisenner, 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
In the case at bar, both the plaintiff and defendant acknowledge that presentment according to G.L.c. 258, Sec. 4 was improperly made. Both parties agree that presentment of the claim at bar should have been made to the Massachusetts Attorney General. In addition, both parties agree that the Massachusetts Attorney General was never presented with the claim in the proper two-year limitation period. See G.L.c. 258, Sec. 4. Thereifore, there is no genuine issue of material fact in dispute regarding the presentment. The only issue is a claim by the plaintiff that equity *69 requires a suspension of the requirements of the statute.
The presentment requirement of G.L.c. 258, Sec 4 must be complied with correctly before a claim may be filed against a public employer under the statute. Massachusetts courts have acknowledged that “presentment is a statutory prerequisite; compliance is a condition precedent to the assertion of a right created by the act.” George v. Town of Saugus, 394 Mass. 40 (1985). In the instances where presentment was improperly made, the defendant has been entitled to judgment. See, e.g., Pruner v. Clerk of the Superior Court, 382 Mass. 309 (1981). The few cases which have made an exception to the presentment condition either involved the correction of the error within the two-year limitation period (Moran v. Town of Mashpee, 17 Mass.App.Ct. 679 (1984)), or involved merely the sufficiency of the wording of the letter. (Carifio v. Town of Watertown, 27 Mass.App.Ct. 571 (1989)).
In the instant case, the improper presentment was not corrected within the two-year limitation, nor was there any question as to the sufficiency of the letter itself. Therefore, the case at bar does not fall into one of the narrow exceptions carved out by the case law.
Because presentment in the case at bar was improper, the defendant is entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, the court ORDERS that defendant’s motion for summary judgment is ALLOWED.