LEOKADYA M. ALEX *vs.* BOSTON WATER & SEWER COMMISSION & another.[1] No. 97-P-0713. August 21, 1998. *Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act.

On December 3, 1995, the plaintiff was injured while crossing a Boston street by a vehicle owned by the Boston Water and Sewer Commission and driven by one of its employees, the defendant Gillespie. The plaintiff's action to recover damages was dismissed due to her failure to comply with the presentment requirement in G. L. c. 258, § 4. Presentment is a condition precedent to suit against a public employer, as defined by G. L. c. 258, § 1, *Spring* v. *Geriatric Authy. of Holyoke*, 394 Mass. 274, 283 (1985), and summary judgment is properly entered where the plaintiff has not made proper presentment. *Dattoli* v. *Hale Hosp.*, 400 Mass. 175 (1987).

The plaintiff relies on *Kargman* v. *Boston Water & Sewer Commn.*, 18 Mass. App. Ct. 51, 59 (1984), to argue that the commission is an "independent body politic and corporate" for purposes of § 1 and is thus not a public employer. The *Kargman* decision, however, was followed by the enactment of St. 1992, c. 343, § 5, which amended c. 258, § 1, specifically to include local water and sewer commissions in the definition of public employer. It is true, as the plaintiff argues, that § 1 still excludes "independent bod[ies] politic and corporate" from the definition, but, in our view, the definition as amended, and hence the Tort Claims Act, must be read to include local water and sewer commissions as public employers, whether or not they may qualify as independent bodies politic and corporate for other purposes.

Our decision does not turn on the vote of the commission's board to accept

---

[1]Gary Gillespie.

the provisions of G. L. c. 40N, § 4, fifth par., which reads: "The commission [referring to water and sewer commissions subject to the chapter by local acceptance] shall be deemed to be a public employer within the meaning of chapter two hundred and fifty-eight . . . ." General Laws c. 40N was inserted by St. 1992, § 2, and § 27 of c. 40N provides for acceptance of the chapter, "in whole or in part, . . . in the case of an existing water and sewer commission, by its board of commissioners." It is unnecessary to consider the plaintiff's argument, based on elaborate cross-analysis of the relevant statutes, that the vote of the board was without effect, because, in our view, the amendment to G. L. c. 258, § 1, independently sufficed to make the commission a public employer.

The commission's motion for summary judgment was, therefore, properly allowed. No argument is made that it was error to dismiss also the claim against Gillespie. Although the judge did not separately state the reason for doing so, the result is right because of the immunity conferred by § 2 of the Tort Claims Act to employees of public employers. *Florio* v. *Kennedy*, 18 Mass. App. Ct. 917 (1984).

*Judgment affirmed.*

*John P. Donovan* for the plaintiff.
*John H. Bruno, II*, for the defendant.