**FEDERAL INSURANCE COMPANY, as subrogee of CareGroup, Inc., Plaintiff,**

v.

**BOSTON WATER AND SEWER COMMISSION and MATEP, LLC, Defendants.**

**Civil Action No. 05–12391–NMG.**

United States District Court, D. Massachusetts.

Oct. 20, 2008.

Timothy N. Cronin, NSTAR Electric & Gas Company, Christopher M. Morrison, Michael R. Perry, Hanify & King, Boston, MA, for Defendant.

Grace V. Bacon, Garcia Morrison Mahoney LLP, Jay S. Gregory, Leclair Ryan, PC, Edwin L. Hall, Paul M. James, Holland & Knight, LLP, David J. Hatem, Donovan & Hatem, LLP, Stephen M. Larose, Nixon Peabody LLP, John H. Stevens, Law Offices of Patricia C. Fraizer, Boston, MA, for ThirdParty Defendants.

Michael J. Izzo, Jr., Lawrence F. Walker, Cozen and O'Connor, Philadelphia, PA, Patrick J. Loftus, III, Law Offices of Patrick Loftus, Boston, MA, for Plaintiff.

## MEMORANDUM & ORDER

GORTON, District Judge.

In this dispute about the cause of a flood at a hospital in Boston, Massachusetts, one defendant has moved to dismiss on the pleadings the claims of the subrogee of the owner and the other defendant has moved for summary judgment.

### I. *Background*

#### A. Factual Background

Plaintiff Federal Insurance Company ("FIC") brought this subrogation action against the defendants to recover damages for a flood that occurred at the Beth Israel Deaconess Medical Center ("Beth Israel") in January, 2004 ("the flood"). The insured, CareGroup, Inc. ("CareGroup"), owned and operated the Beth Israel facility during the relevant time period.

FIC alleges that the Boston Water and Sewer Commission ("BWSC") and MATEP, LLC ("MATEP," the acronym for Medical Area Total Energy Plant) are responsible for the flood. On January 22, 2004, Beth Israel's piping system failed causing a flood that resulted in significant damage at the hospital. FIC, which paid the hospital's insurance claim, contends that BWSC's negligent installation and maintenance of water pipes caused the flood and that water leaking from BWSC's pipes constituted a trespass on CareGroup's property.

FIC also asserts a trespass claim against MATEP, which operates an electrical co-generation plant located in the Longwood medical area of Boston near

Beth Israel and other hospitals and schools, including Harvard Medical School. An underground electric conduit runs between MATEP's plant and one of the buildings that is now part of Beth Israel. FIC alleges that electromagnetic fields escaping from that conduit constituted a trespass that caused the pipes to fail.

With respect to FIC's claims against BWSC, the following facts are undisputed. Prior to the flood at Beth Israel, BWSC had used devices called "loggers" to detect potential leaks in pipes under Pilgrim Road near Beth Israel. In May of 2003, the loggers detected potential leaks in those pipes. When a potential leak is detected by loggers, BWSC's general policy is to issue a work order and repair the leak but there were no such work orders for Pilgrim Road in the area near Beth Israel prior to the flood in January, 2004.

Following the flood at Beth Israel, counsel for FIC, on February 2, 2005, sent a "Notice of Claim" letter to BWSC to the attention of the Finance Department and Risk Management Office. Shortly thereafter counsel for FIC received a telephone call from Ann Puleo ("Puleo") during which she acknowledged receipt of the claim letter. Counsel for FIC had two more phone conversations with Puleo on February 14 and 18, 2005. On the latter date, at Puleo's request, counsel for FIC sent a second letter to her with respect to the claims against BWSC. On March 15, 2005, Puleo responded to counsel for FIC. She indicated that BWSC had investigated, and was denying, FIC's claim. FIC did not thereafter send a notice of claim to BWSC's Executive Director, Vincent Mannering ("Mannering").

## B. Procedural History

FIC filed the original complaint in this case on November 29, 2005, and an amended complaint on March 29, 2006. The amended complaint alleged one count of negligence against each of MATEP, BWSC and Boston Edison Company ("BEC"). MATEP and BEC filed cross-complaints against BWSC which also cross-claimed against them. MATEP filed third party defendant complaints for indemnification and contribution against the parties who built, designed and installed the electrical conduit. Proceedings on the third party complaints were later stayed until the Court could resolve MATEP's motion for summary judgment. On July 21, 2006, the parties stipulated to a dismissal without prejudice of BEC leaving MATEP and BWSC as the only defendants.

MATEP filed a motion for summary judgment on November 15, 2006. That same day FIC moved for leave to file a second amended complaint to add a trespass claim against both MATEP and BWSC. This Court allowed MATEP's motion for summary judgment on the negligence claim on August 15, 2007, and reserved its ruling on the motion to file a second amended complaint with respect to MATEP in order to allow the parties to file supplemental briefs ("the August 15 M & O"). On March 18, 2008, this Court allowed FIC's motion to amend the complaint for a second time and denied FIC's motion for reconsideration of the Court's order granting partial summary judgment and motion to supplement the record.

FIC has now filed the second amended complaint and the defendants have answered. The complaint alleges negligence and trespass against MATEP and BWSC. The negligence claim against MATEP inoperable, however, because this Court, it its August 15 M & O, allowed MATEP's motion for summary judgment with respect to that claim. With respect to the second amended complaint, MATEP has filed a motion to dismiss on the pleadings

and BWSC has filed a motion for summary judgment. FIC opposes both motions.

## II. *Legal Analysis*

### A. MATEP's Motion to Dismiss on the Pleadings

FIC's second amended complaint alleges one count of negligence and one count of trespass against MATEP. This Court previously allowed a motion for summary judgment with respect to the negligence claim. MATEP's most recent motion to dismiss on the pleadings contends that the trespass claim fails as a matter of law.

#### 1. Legal Standard

A motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), is analyzed under essentially the same substantive standard applied to motions for dismissal under Fed. R. Civ. P 12(b)(6). *Pasdon v. City of Peabody,* 417 F.3d 225, 226 (1st Cir.2005). The court "must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." *Id.* (quoting *Rivera–Gomez v. de Castro,* 843 F.2d 631, 635 (1st Cir.1988)) (internal citations omitted). The movant cannot prevail "unless it appears beyond doubt that the [nonmovant] can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

#### 2. Analysis

MATEP makes two arguments in its motion to dismiss: 1) FIC cannot demonstrate that MATEP unlawfully entered the insured's property and 2) the statute of repose bars FIC's claim.

##### a. Unlawful Entry

To sustain a claim for trespass a plaintiff must show 1) plaintiff's actual possession of the property at issue and 2) an intentional and illegal entry by defendant. *New England Box Co. v. C & R Constr. Co.,* 313 Mass. 696, 707, 49 N.E.2d 121 (1943) (citation omitted). MATEP does not dispute that the first element is met, i.e. FIC's insured was in possession at the time of the alleged trespass. MATEP asserts that FIC's claim must, nonetheless, fail because it did not commit any unlawful entry.

With respect to unlawful entry, MATEP contends that in a prior pleading FIC admitted that MATEP did not design, install or construct the relevant duct bank and therefore MATEP did not enter the insured's property. MATEP also points out that MATEP's transmission of electricity is expressly authorized by state statute.

FIC responds that the nature of the trespass claim is not that the duct bank encroaches on CareGroup's property but that the electromagnetic field emanating from the duct bank amounts to a trespass. FIC argues that although MATEP was lawfully transmitting electricity through a 13.8 KV line, the electromagnetic field, and induced currents caused by it, unlawfully contacted plaintiff's property and caused piping to corrode prematurely. FIC avers that MATEP's ownership and operation of the electrical lines permitted electrical fields to enter CareGroup's property thereby creating a continuing trespass.

It is clear that FIC's trespass claim rests not on the placement of the conduit but rather on the conduit's emission of electromagnetic fields. Massachusetts courts have had little occasion to consider the legal implications of electromagnetic fields. *See Westchester Assocs., Inc. v. Boston Edison Co.,* 47 Mass.App.Ct. 133, 137, 712 N.E.2d 1145 (1999) (holding electromagnetic fields were not a nuisance). Other states have indicated, however, that electromagnetic fields can constitute a trespass when they cause physical damage to the property of others. *See San Diego Gas & Elec. Co. v. Superior Court,* 13

Cal.4th 893, 55 Cal.Rptr.2d 724, 920 P.2d 669, 695 (Cal.1996) (dismissing trespass claim because plaintiffs did not allege that electromagnetic fields caused physical damage to their property). Here, FIC has sufficiently alleged that MATEP caused an unlawful entry of electromagnetic fields that resulted in physical damage to the pipes of its insured. MATEP has not met its burden of showing that FIC can prove no set of facts that would entitle it to relief.

MATEP's attempt to demonstrate that its actions were authorized by M.G.L. c. 187, § 5, is unconvincing. That statute deals with the right of landowners to permit utility companies to operate utilities on private ways abutting their property. It states, in relevant part:

> Neither the person installing or repairing public utility facilities, nor such facilities, nor the gas, electricity, telephone or water service transmitted shall be deemed to constitute a trespass upon said way or ways.

M.G.L. c. 187, § 5. That statute does not, however, provide total immunity from trespass liability to companies supplying electricity, let alone immunity from trespass based upon electromagnetic fields which the statute does not mention.

### b. Statute of Repose

■ MATEP also asserts that this Court has already determined, in its August 15 M & O, that the statute of repose bars FIC's negligence claim. MATEP contends furthermore that the statute of repose applies equally to intentional torts such as trespass.

FIC responds that this Court did not determine that the statute of repose barred FIC's negligence claim but rather that the issue was moot because FIC withdrew its claims of negligent design, installation or construction of the electrical line.

FIC's reading of the Court's August 15 M & O is correct and thus this Court must now determine, in the first instance, whether the statute of repose applies to bar FIC's claim.

■ FIC asserts that the statute of repose is not applicable because: 1) the statute does not protect those who were not involved in the design, planning, construction or general administration of an improvement to real property and 2) an underground power transmission line is not an improvement to real property. The statute of repose states that:

> Action of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property ... shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking possession for occupancy by the owner.

M.G.L. c. 260, § 2B. Massachusetts courts have held that the statute of repose

> has the effect of granting immunity from suit only to architects, engineers, [and] contractors ... [but not to] suppliers, owners, tenants, and others in possession or control.

*Klein v. Catalano,* 386 Mass. 701, 715, 437 N.E.2d 514 (1982). An owner or other party in possession can be protected by the statute but only to the extent that they played some role in the design, planning, construction or general administration of an improvement. *Sonin v. Mass. Tpk. Auth.,* 61 Mass.App.Ct. 287, 289, 809 N.E.2d 1075 (2004).

It is undisputed that MATEP played no role in the design, planning, construction or general administration of an improvement to real property. FIC's claim for trespass rests solely on the fact that MATEP is the owner of the conduit alleged to have caused damage by emanating electromagnetic fields. The statute of repose does not apply in such a context.

Because this Court finds that the statute of repose does not apply to a defendant such as MATEP, it declines to consider whether, pursuant to FIC's second argument, a transmission line is an improvement to real property.

### B. Defendant BWSC's Motion for Summary Judgment

#### 1. Standard of Review

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

#### 2. Analysis

In its motion, BWSC argues that summary judgment is appropriate for three reasons: 1) FIC failed to make presentment of its claims to the BWSC pursuant to M.G.L. c. 258, § 4, 2) any intentional trespass claim is barred by M.G.L. c. 258, § 10(c) and 3) BWSC has no common law duty to dig up and inspect its buried, underground water mains. Because this Court finds the first reason to be dispositive, it need not consider BWSC's remaining arguments.

The Massachusetts Tort Claims Act requires a plaintiff who brings a claim against a public employer to present its claim in writing to the executive officer of the public employer within two years of the date upon which the cause of action arose. M.G.L. c. 258, § 4. Notice must go to the proper individual at the public employer and constructive notice is not sufficient to meet the presentment requirement. *See Bellanti v. Boston Pub. Health Comm'n,* 70 Mass.App.Ct. 401, 406, 874 N.E.2d 439 (2007). The presentment requirement is a statutory condition precedent to recovery under the Massachusetts Torts Claims Act and failure to comply with the requirement prior to instituting suit is grounds for summary judgment.

*Alex v. Boston Water & Sewer Comm'n,* 45 Mass.App.Ct. 914, 914, 698 N.E.2d 404 (1998).

■ There are two exceptions to the generally strict requirements of presentment that will allow a claim to go forward even when the required notice has not been given to the executive officer. The first is the so-called "lulling" exception by which a public employer is estopped from asserting a defect in presentment if the plaintiff was led to believe that the public employer would not make presentment an issue in the case. *Bellanti,* 70 Mass.App. Ct. at 406–07, 874 N.E.2d 439; *Vasys v. Metro. Dist. Comm'n,* 387 Mass. 51, 57–58, 438 N.E.2d 836 (1982). The second exception is the "actual notice" exception by which presentment is deemed satisfied if the plaintiff can show that the designated executive officer had actual notice of the claim. *Bellanti,* 70 Mass.App.Ct. at 407, 874 N.E.2d 439; *Lopez v. Lynn Hous. Auth.,* 440 Mass. 1029, 1030–31, 800 N.E.2d 297 (2003).

FIC does not contend that it satisfied the presentment requirement by sending a notice of claim to the Executive Director of BWSC but, rather, that this case falls within both of the exceptions to the rule.

### a. The "Lulling" Exception

■ FIC argues that it should be excused for failing to comply strictly with the presentment requirement because BWSC's actions indicated that presentment would not be an issue in the case. In particular, FIC notes that Puleo acknowledged receipt of FIC's initial notice of claim letter and indicated that she was in charge of responding on behalf of BWSC. Puleo also directed counsel for FIC to send a second notice of claim letter to her attention. Finally, Puleo responded to the claim in writing by stating that BWSC was denying the claim. According to FIC, BWSC never raised the issue of deficient presentment in

its correspondence or at any other time prior to the expiration of the two-year period during which presentment was required.

Massachusetts courts have recognized that, in limited circumstances, a public employer can be estopped from raising the issue of presentment because of the employer's prior statements during litigation. *See Vasys,* 387 Mass. at 57–58, 438 N.E.2d 836. In 1982, in *Vasys v. Metropolitan District Commission,* the Supreme Judicial Court held that a public employer could not raise defective presentment after indicating in an interrogatory answer that it did not consider the notice defective. *Id.* at 53, 438 N.E.2d 836.

Later cases have held, however, that the exception is limited to situations where the relevant statements are made during the conduct of litigation. *Holahan v. City of Medford,* 394 Mass. 186, 190–91, 474 N.E.2d 1117 (1985) (explaining that *Vasys* was "essentially an application of the principle that a *litigant* cannot assume inconsistent and contradictory positions") (citation and internal quotation marks omitted). Furthermore, the exception applies only where a public employer makes affirmative statements waiving a presentment defense. *See id.; Howard v. N. Cambridge Health Ctr.,* No. 2003–2250–C, 2004 WL 2451405, at *3 (Mass.Super.2004) ("For a defendant to lull a plaintiff into believing presentment is not an issue, the defendant must affirmatively indicate in writing that the presentment requirement has been met.").

The lulling exception is not applicable in this case because BWSC's statements, to the extent that any were inconsistent with a presentment defense, were made prior to FIC's commencement of this lawsuit. *See Holahan,* 394 Mass. at 190–91, 474 N.E.2d 1117. Those statements also fall short of

an affirmative waiver of the presentment defense.

Although BWSC's actions may not have been helpful in alerting FIC to a defect in presentment, Massachusetts courts are very reluctant to apply principles of estoppel to public entities. *See id.* at 191, 474 N.E.2d 1117 (noting reluctance to apply estoppel "even where we would extend little sympathy to a private citizen who acted similarly in a private transaction") (citation and internal quotation marks omitted).

#### b. The Actual Notice Exception

FIC asserts that the presentment requirements of Chapter 258, § 4 were satisfied because BWSC's Executive Director had actual notice of FIC's claim. Massachusetts courts have held that the presentment requirement is not violated if the executive officer of a public employer had actual notice of a plaintiff's claim. *Bellanti,* 70 Mass.App.Ct. at 407, 874 N.E.2d 439; *Lopez,* 440 Mass. at 1030–31, 800 N.E.2d 297. Although the defendant bears the burden of establishing that presentment to the executive officer was not made, once that burden has been met the plaintiff bears the burden of producing evidence of actual notice. *Bellanti,* 70 Mass.App.Ct. at 407, 874 N.E.2d 439.

Here, BWSC has met its burden of demonstrating that no genuine issue of material fact exists with respect to whether FIC's claim was ever presented to BWSC's Executive Director, Mannering. Mannering's affidavit states that he never received a letter or notice of claim from FIC. The burden of showing actual notice therefore shifts to FIC.

Despite being granted additional time to conduct discovery, FIC has failed meet its burden. It has proffered no evidence that Mannering had actual notice of FIC's claims prior to commencement of the suit. In an effort to demonstrate that its notice was still sufficient, FIC cites *Martin v.*

*Commonwealth* for the proposition that presentment is not intended to bar plaintiffs who fail perfectly to invoke the correct "open sesame." *See* 53 Mass.App.Ct. 526, 760 N.E.2d 313, 316 (2002). The court in *Martin* made this observation with respect to the content of presentment, however, and reaffirmed that "strict compliance" is required with respect to notifying the proper executive officer. *See id.*

Because FIC failed to present its claim to Mannering, or show he had actual notice of the claim, it has not complied with M.G.L. c. 258, § 4. Accordingly, BWSC is entitled to summary judgment in its favor.

#### Order

In accordance with the foregoing, defendant MATEP's motion to dismiss (Docket No. 142) is **DENIED.** Defendant BWSC's motion for summary judgment (Docket No. 145) is **ALLOWED.**

**So ordered.**