CORPORATION WAY REALTY TRUST *vs.* BUILDING
COMMISSIONER OF MEDFORD.

Middlesex.    January 8, 1965. — April 2, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Zoning,* Legislative zoning power. *Municipal Corporations,* Legislative
powers.

A provision of a city's zoning ordinance requiring approval of the board
of aldermen for certain uses otherwise permitted constituted a reservation to that board, as the legislative branch of the city, of a legislative
zoning power which, upon adoption by the city of a Plan E charter,
passed to the city council as the legislative branch under G. L. c. 43,
§§ 3, 97, and not to the city manager or his appointees under § 104.

PETITION for a writ of mandamus filed in the Superior
Court on October 2, 1963.

The petitioner appealed from an order for judgment dismissing the petition after hearing by *Coddaire, J.*

The case was submitted on briefs.

*Louis Karp* for the petitioner.

*Mark E. Gallagher,* City Solicitor, for the respondent.

WHITTEMORE, J.    The issue in this proceeding for a writ
of mandamus is whether a provision of the Medford zoning
ordinance, requiring approval of the "board of aldermen"
of an application for a permit for the construction of a
building for certain uses, operated to require the approval
of the city council after the adoption by the city in 1949 of
a Plan E charter under G. L. c. 43, §§ 93–116.    The prior
charter of Medford, St. 1903, c. 345, § 2, provided for
"a legislative body, to be called the board of aldermen."
The permit sought was for an addition to a trucking terminal building on the petitioner's land in a heavy industrial
district.

The zoning ordinance provides "Sec. 19.    No permit for
. . . [various specific uses] or for anything permitted only

under Sections eight and nine, shall be issued by the building commissioner until the application therefor has been approved by the board of aldermen as provided in Section twenty.''

Section 9 of the zoning ordinance provides in part: ''In heavy industrial districts, subject to the provisions of Section nineteen, buildings and land may be used for any purposes, except dwellings . . ..'' The record does not expressly foreclose the possibility that a trucking terminal building was permitted under some section of the ordinance other than § 9. But the trial, however, proceeded on the basis that § 9 was before the court and that no sections other than 9, 19 and 20 were relevant and we decide the appeal accordingly.

Section 19 of the ordinance reserves to the legislative branch of the city a part of the delegated legislative zoning power. *Building Commr. of Medford* v. *C. & H. Co.* 319 Mass. 273, 280–281. See *Coolidge* v. *Planning Bd. of No. Andover,* 337 Mass. 648, 651. Section 97 of c. 43, inserted by St. 1938, c. 378, § 15, provides for a Plan E city, in part: ''The city council shall have and exercise all the legislative powers of the city, except as such powers are reserved by this chapter to the school committee and to the qualified voters of the city.'' General Laws c. 43, § 3, provides: ''None of the legislative powers of a city shall be abridged or impaired by this chapter; but all such legislative powers shall be possessed and exercised by such body as shall be the legislative body of the city under this chapter.''

We hold that c. 43, § 3, is applicable and that the reserved legislative power is now in the city council and not, as the petitioner contends, in the city manager, or his appointees, under G. L. c. 43, § 104. Compare *King* v. *Mayor of Quincy,* 270 Mass. 185.

*Order for judgment dismissing petition affirmed.*