ROBERT H. HOLAHAN, JR. vs. CITY OF MEDFORD.

Middlesex. November 8, 1984. — March 6, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Massachusetts Tort Claims Act. Notice. Estoppel. Practice, Civil,* Presentation of claim under Massachusetts Tort Claims Act.

Language in G. L. c. 258, § 4, providing that, before commencing an action against a public employer under the Massachusetts Tort Claims Act, the claimant must present his claim to the employer's executive officer, required, in the case of a claim arising from an injury to a student during a class at a city's vocational high school, that the claim be presented to the city manager. [188-189]

Where, under G. L. c. 258, § 4, a claim against a city having a Plan E charter was to be presented to the city manager before an action on the claim could be commenced, presentment of the claim to the superintendent of the city's public schools and to the city solicitor did not satisfy the statute. [189-190]

In an action against a city under G. L. c. 258, the Massachusetts Tort Claims Act, certain statements made by an assistant city solicitor before litigation was commenced did not bar the city, under principles of estoppel, or otherwise, from asserting that the claim had not been properly presented to its executive officer as required by G. L. c. 258, § 4. [190-191]

CIVIL ACTION commenced in the Superior Court Department on March 7, 1983.

The case was heard by *Guy Volterra*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John J. Twomey* for the plaintiff.

*Mark E. Rumley*, Assistant City Solicitor, for the defendant.

LIACOS, J. The plaintiff, Robert H. Holahan, Jr., brought suit in the Superior Court in Middlesex County against the city of Medford (city), alleging that he sustained injuries while using a printing press in a class at the Medford public vocational

high school, and that his injuries were due to the defendant's negligence. He sued under the Massachusetts Tort Claims Act, G. L. c. 258. The defendant filed a motion for summary judgment under Mass. R. Civ. P. 56 (b), 365 Mass. 824 (1974),[1] arguing, inter alia, that Holahan had not complied with the presentment requirement of the statute, G. L. c. 258, § 4.[2] The judge granted the defendant's motion, and Holahan appealed from that judgment. We transferred the case to this court on our own initiative. We affirm.

Summary judgment is warranted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). There is no dispute as to the material facts in this case. On May 29, 1980, the plaintiff injured his hand while participating in a class at the Medford vocational high school. On June 19, 1981, counsel for the plaintiff sent a letter to the superintendent of the Medford public schools asserting that the negligence of the school department and of the city was responsible for the plaintiff's injury. The letter

---

[1] The plaintiff also sued two teachers at the vocational school, and White Consolidated Industries, Inc., doing business as ATF-Davidson Co., the manufacturer of the device which allegedly caused his injury. The judge granted the defendant teachers' motion for summary judgment on immunity grounds, and Holahan does not appeal that ruling here. The plaintiff's product liability claim against the manufacturer is still pending. The plaintiff's appeal pertains solely to the grant of summary judgment for the city of Medford, entered pursuant to Mass. R. Civ. P. 54 (b).

[2] General Laws c. 258, § 4, as appearing in St. 1978, c. 512, § 15, provides in part:

"A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section. The failure of the executive officer to deny such claim in writing within six months after the date upon which it is presented, or the failure to reach final arbitration, settlement or compromise of such claim according to the provisions of section five, shall be deemed a final denial of such claim. No civil action shall be brought more than three years after the date upon which such cause of action accrued."

stated that it was "present[ing]" the plaintiff's claim "in accordance with" G. L. c. 258, § 4. The superintendent forwarded the plaintiff's letter to the office of the Medford city solicitor. On October 27, 1981, seventeen months after the plaintiff's injury, plaintiff's counsel telephoned the city solicitor's office and asked to speak with the person handling the plaintiff's claim. He spoke with an assistant city solicitor. The assistant city solicitor acknowledged that he had received the June 19, 1981, letter and that he was investigating the claim. They discussed the claim in detail. In response to an inquiry by the plaintiff's counsel about settlement, the assistant city solicitor stated that the city's policy was not to discuss settlement until suit was filed. He further stated that the city would probably allow the six-month period set forth in G. L. c. 258, § 4, in which the city must deny or settle the claim, to lapse, thereby entitling the plaintiff to file suit. Pursuant to the assistant city solicitor's request, plaintiff's counsel sent copies of the plaintiff's medical reports and hospital bills and records to him. On October 30, 1981, plaintiff's counsel forwarded copies of additional hospital bills. On March 7, 1983, two years and nine months after the date of the plaintiff's injury, plaintiff's counsel filed suit in the Superior Court in Middlesex County.

The plaintiff makes two arguments to support his contention that the judge should not have granted the city's motion for summary judgment. He argues (1) that presentment was proper, or alternatively, (2) that the city should be estopped from asserting the defense of improper presentment.

General Laws c. 258, § 4, provides in part: "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . ." A city is a "public employer" under G. L. c. 258, § 1. The "executive officer" of a city is defined as "the mayor of a city, or as designated by the charter of the city." *Id.*, as amended by St. 1983, c. 537. Medford has a Plan E charter. See G. L. c. 43, §§ 93-116; *Corporation Way Realty Trust* v. *Building Comm'r of Medford*,

348 Mass. 732 (1965). Under a Plan E charter, the city manager is the executive officer of the city. G. L. c. 43, § 103. *Allen* v. *Cambridge*, 316 Mass. 351, 353 (1944). Thus, the plain meaning of G. L. c. 258, §§ 1 & 4, as they apply to the city of Medford, is that a claimant must present his or her claim to the city manager before he or she may bring suit against the city.

In the present case, the plaintiff did not present his claim to the city manager. Instead he presented his claim first to the superintendent of the Medford school system, and second to the city solicitor. The plaintiff urges us to hold that presentment to the city solicitor is equivalent to presentment to the city manager. We decline to do so for the following reasons. First, the statute is clear on its face, and its plain meaning is controlling. See *Commonwealth* v. *Vickey*, 381 Mass. 762, 767 (1980). Second, the purpose of the presentment requirement is to allow the public employer to investigate any claim in full and to "arbitrate, compromise or settle" any such claim as it sees fit. G. L. c. 258, § 5, as appearing in St. 1978, c. 512, § 15. See *George* v. *Saugus, ante* 40, 44 (1985), and *Weaver* v. *Commonwealth*, 387 Mass. 43, 47-48 (1982). The statute requires presentment to be made to the official with the capacity to negotiate or settle the claim — the executive officer, in this case the city manager. *Id* at 48. The city solicitor, though he or she may advise the city manager, does not possess the authority to settle a claim within the meaning of the statute. Third, by analogy to another part of G. L. c. 258, § 1, we discern that the Legislature did not intend presentment to a public employer's attorney to suffice under G. L. c. 258, § 4, unless it specifically so indicated. General Laws c. 258, § 1, provides that the "executive officer" of an executive office of the Commonwealth is the secretary of that office; it also provides that for an agency not within an executive office of the Commonwealth, the "executive officer" is the Attorney General, the Commonwealth's attorney. Thus, the Legislature has specified the particular instances in which a public attorney may function as an executive officer for the purpose of receiving presentment of a claim. See G. L. c. 258, §§ 1, 4. We cannot

presume, therefore, that the Legislature intended presentment to a public attorney to suffice under G. L. c. 258, § 4, without the Legislature's having so indicated explicitly.

For these reasons, we cannot accept the plaintiff's argument that presentment to the city solicitor was equivalent to presentment to the city manager. Presentment in this case was not proper. See *Weaver* v. *Commonwealth*, 387 Mass. 43, 45-48 (1982) (presentment to Commissioner of the Department of Mental Health and to the administrator of State hospital inadequate when statute required presentment to the Secretary of the Executive Office of Human Services).

The plaintiff next argues that the city should be estopped from defending on the ground of improper presentment. He cites *Vasys* v. *Metropolitan Dist. Comm'n*, 387 Mass. 51 (1982), and *Moran* v. *Mashpee*, 17 Mass. App. Ct. 679 (1984), in support of his argument that the statements of the assistant city solicitor "lulled" him into believing that presentment was not an issue. In *Vasys*, the defendant attempted to raise the defense of defective presentment after the defendant had stated, in response to the plaintiff's interrogatories, that presentment had been proper. *Vasys, supra* at 53. We held that the defendant was barred from raising the issue of improper presentment. *Id.* at 57. In *Moran*, the Appeals Court reversed a summary judgment for the defendant because there was a question of fact whether the defendant had agreed with the plaintiff that amendment of the complaint was unnecessary, thereby "intentionally" leading "the plaintiff to believe that it was waiving its presentment defense." *Moran, supra* at 681.

Neither *Vasys* nor *Moran* persuades us that the defendant in the present case should be estopped from defending on the ground of defective presentment. In both *Vasys* and *Moran*, it was held that the defendants could be barred from asserting improper presentment by statements they had made in the course of litigation. Both cases were essentially an application of the principle that "a *litigant* cannot assume inconsistent and contradictory positions" (emphasis supplied). *Elfman* v. *Glaser*, 313 Mass. 370, 376 (1943). In the present case, by contrast, the complained-of statements were made before liti-

gation had commenced. Additionally, the plaintiff points to no promise to waive 'the presentment requirement of G. L. c. 258, nor to any affirmative waiver of that defense. *Vasys* and *Moran*, therefore, are distinguishable. In general, we are "reluctant to apply principles of estoppel to public entities where to do so would negate requirements of law intended to protect the public interest." *Phipps Prods. Corp.* v. *Massachusetts Bay Transp. Auth.*, 387 Mass. 687, 693 (1982). This is true even where we "would extend little sympathy to a private citizen who acted similarly in a private transaction." *Id.* In stating that he reasonably relied on the statements of an assistant city solicitor made before a complaint was filed, the plaintiff fails to state facts sufficient to estop the city from asserting its presentment defense.[3]

We conclude that summary judgment was properly granted for the defendant. Accordingly, the judgment is affirmed.

*So ordered.*

---

[3] We do not decide, however, whether the city would be estopped from asserting its presentment defense if the city manager had made the statements which the assistant city solicitor made, nor would we condone a knowing attempt by a public attorney to mislead a plaintiff's counsel in regard to the requirement of a proper presentment. No showing of an intentional effort by the assistant city solicitor to mislead plaintiff's counsel has been made here.