Zobel, J.
Although styled a Motion for Judgment on the Pleadings, the parties treated the present matter as a motion for summary judgment, submitting affidavits (which the Court has considered) on which they relied during oral argument.
The issue is very simple. Plaintiff furnished timely notice, addressed generically to “Medford Housing Authority” (Garrity Affid. Ex. A), and more than a year later received notice from someone describing himself as “an insurance adjuster who has been asked to handle the [claim] on behalf of Defendant Medford Housing Authority” (Garrity Affid. Ex. B).
These facts, plaintiff argues, suffice to meet the statutory presentment requirements, G.L.c. 258, §4. In any event, says plaintiff, defendant Medford Housing Authority has suffered no prejudice.
Unfortunately, the statute mandates presentment not upon the Authority as a body, nor even on any of its employees. The claim must instead go directly to the Authority’s “executive officer,” G.L.C. 258, §4. The adjuster’s letter, coming as it did almost two years before the litigation commenced, does not solve plaintiffs difficulty, Holahan v. Medford, 394 Mass. 186, 190-91 (1985).
ORDER
Accordingly, it is Ordered, that defendant Medford Housing Authority’s Motion for Judgment on the Pleadings be, and the same hereby is, Treated as a Motion for Summary Judgment; and it is
Further Ordered, that so, treated, the said Motion be, and the same hereby is, Allowed; and it is
Further Ordered, that in this matter, as against the remaining defendant, Trial will Commence on July 25, 1994. at 9 a.m., the Parties to Receive no Further Notice.