GERARDO LOPEZ *vs.* LYNN HOUSING AUTHORITY. December 15, 2003. *Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act.

The plaintiff, Gerardo Lopez, appeals from an order of a Superior Court judge allowing the motion of the defendant, Lynn Housing Authority (author-

---

ity), for summary judgment due to Lopez's alleged failure to comply with the presentment requirement of G. L. c. 258, § 4. We vacate the entry of summary judgment.

On January 11, 1997, Lopez was visiting a friend at a property in Lynn owned by the authority when he allegedly slipped and fell on an unnatural accumulation of ice and snow, fracturing his ankle and requiring surgery.

On February 10 and 11, 1997, Lopez's attorney sent letters addressed generically to "Lynn Housing Authority," describing the incident and requesting the recipient to "please contact my office to discuss this matter in more detail."[1] In an undated letter, an authority employee, John Pace, informed Lopez's attorney that "[t]here are a few questions that need to be answered," and that a "quick response . . . would expedite this claim."

At some point Lopez obtained new counsel, who sent a letter to Pace dated May 19, 1998. The letter enclosed Lopez's available medical records, provided additional details concerning his claim, and offered to settle the matter for a specified sum. On July 14, 1998, the authority's executive director, Charles J. Gaeta, sent Lopez's new attorney a letter, acknowledging that Lopez's claim "was recently submitted to the Lynn Housing Authority," and stating that, "[u]pon evaluation of your claim, it is our belief that there was no negligence on the part of the Lynn Housing Authority with respect to the incident involved. Accordingly, your claim is hereby denied." Lopez then filed a complaint in the District Court (subsequently transferred to the Superior Court) against the authority pursuant to the Massachusetts Tort Claims Act, G. L. c. 258.

We have stated that there must be strict compliance with the requirement of G. L. c. 258, § 4, that the plaintiff present his or her claim to the executive officer of a public employer prior to filing suit. See, e.g., *Weaver* v. *Commonwealth*, 387 Mass. 43, 47 (1982). Without such compliance, "the executive officer with the authority to settle a claim could not be assured of an adequate opportunity to investigate the circumstances surrounding that claim in order to determine whether an offer of settlement should be made." *Id.* Thus, we have concluded, "[b]y requiring presentment to that officer, the Legislature intended to make certain notice is given to the official best able to ensure that the interests of the Commonwealth would be protected." *Id.* at 48. We continue to stand firmly behind this principle, and the plaintiff must present his or her claim to the executive officer of a public employer prior to filing suit.

However, in the unique circumstances of this case, it is apparent that the purpose of the presentment requirement has been fulfilled despite the fact that Lopez made presentment to the "Lynn Housing Authority," and not its executive officer, Charles J. Gaeta. In his letter to Lopez's counsel, Gaeta acknowledged not only that he had actual notice of Lopez's claim, but also that the claim had been investigated, evaluated, and eventually denied. See,

---

[1]The letters were virtually identical, except that the second letter included the date of the alleged incident.

In support of his claim that proper presentment was made, Lopez points to the existence of a third letter, which was addressed to the authority's executive director. However, we agree with the Superior Court judge that there is no evidence in the record that the undated, handwritten letter was ever sent.

e.g., *Carifio* v. *Watertown*, 27 Mass. App. Ct. 571 (1989). Given this acknowledgment, it is undisputed that the claim was ultimately received in writing and acted on by the appropriate executive officer, notwithstanding the fact that the presentment letters were not addressed directly to Gaeta. In light of that undisputed fact, the purposes underlying the presentment requirement have been satisfied, and it would serve no purpose to bar Lopez's claim.

We vacate the judgment entered in the Superior Court, and remand this case for further proceedings consistent with this opinion.

.                                                                *So ordered.*

*John P. McGloin* for the plaintiff.
*Martin J. Rooney* (*Lisa M. Caperna* with him) for the defendant.