MANUEL GARCIA *vs.* ESSEX COUNTY SHERIFF'S DEPARTMENT.

No. 04-P-1491.

Essex. September 14, 2005. - November 10, 2005.

Present: ARMSTRONG, C.J., RAPOZA, & DOERFER, JJ.

*Massachusetts Tort Claims Act. Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act.

A Superior Court judge properly dismissed the plaintiff's claim under the Massachusetts Tort Claims Act on the ground that the presentment of the claim was insufficient under G. L. c. 258, § 4, where the claim was not sent to the executive officer of the defendant and there was no evidence that that officer had actual notice of the claim [107-109], where the plaintiff's presentment letters did not provide notice of the legal basis of liability or contain a detailed description of the facts from which to infer the basis of the claim [109-111], and where the evidence did not support the plaintiff's contention that the defendant's attorney lulled him into believing that presentment was not an issue [111].

CIVIL ACTION commenced in the Superior Court Department on August 25, 2003.

A motion to dismiss was heard by *Howard J. Whitehead,* J., and entry of summary judgment was ordered by him.

*Douglas C. DuFault, Jr.,* for the plaintiff.

*William P. Breen, Jr.,* for the defendant.

DOERFER, J. At issue in this appeal is the frequently litigated location of the boundary between a sufficient and an insufficient presentment of a claim under the Massachusetts Tort Claims Act (MTCA), G. L. c. 258, § 4. We conclude, as did the motion judge in the Superior Court, that presentment was insufficient and that the action was properly dismissed.

*Facts.* On February 1, 2002, Manuel Garcia was injured in a motor vehicle accident while in the custody of the Essex County sheriff's department (ECSD) as he was being transported in a prisoner van that slid off the road in bad weather.

During the following months, Garcia's counsel sent three letters to ECSD; each letter was specifically addressed to the attention of Rose Desmond, who was the chief fiscal officer for ECSD. In the first letter, dated March 11, 2002, Garcia's counsel informed ECSD that Garcia had suffered injuries as a result of the automobile accident.[1] Garcia's counsel inquired "of the procedure for payment of medical bills." The second letter, sent on July 9, 2002, enclosed Garcia's "complete medical treatment reports and expenses."[2] This letter requests that "[o]nce you have had an opportunity to review your file, kindly contact [counsel's office] to discuss possible settlement of this claim." On July 19, 2002, Garcia's counsel sent a third letter putting forward a settlement demand of $23,400.[3]

[1]The content of the first letter is as follows:

"Dear Sir/Madam:

"Please be advised that I represent the above named claimant for injuries sustained in an automobile accident on February 1, 2002, as he was being transported from Lawrence District Court to the Middleton facility.

"Please advise this office of the procedure for payment of medical bills.

"If you have any questions prior to the processing of this claim, please do not hesitate to call this office."

[2]The second letter states:

"Dear Ms. Desmond:

"A review of your file will show that this firm represents the above named claimant for injuries suffered in an auto accident while being transported by the Essex County Sheriff's Department.

"At this time, I am enclosing complete medical treatment reports and expenses. My client has reached maximum medical improvement.

"Once you have had an opportunity to review your file, kindly contact Betty Miller to discuss possible settlement of this claim."

[3]The third letter states:

"Dear Ms. Desmond:

"Complete medical treatment reports and expenses were recently forwarded to your attention relative to the above captioned matter.

"I submit the following evaluation and demand for settlement:

"*Manuel Garcia*
"4 weeks total disability
"15 weeks partial disability
"6-8 weeks continuing partial disability
"Medical treatment expenses $4,578.00
"Demand $23,400.00

"Once you have had an opportunity to review your file, please call to discuss possible settlement of this claim."

In a letter dated September 10, 2002, written on ECSD letterhead and signed by an ECSD lawyer,[4] ECSD offered a reply to Garcia's settlement demand, indicating in pertinent part:

> "I am presently in the process of investigating this matter and reviewing the file previously forwarded to Ms. Desmond by [Garcia's counsel] regarding the alleged incident and your client's alleged injuries. Once I have had the opportunity to fully investigate this matter and review this claim documentation, I will get back to you with a response to your demand."

A follow-up correspondence dated November 15, 2002 (signed by the same ECSD attorney on ECSD letterhead), informed Garcia that ECSD would be "willing to pay" his medical bills, "which total $4,546," in exchange for a "comprehensive release" from him. The ECSD lawyer who signed the letter stated therein: "I have investigated this matter and reviewed the medical documentation which you previously forwarded to the Department."

Settlement negotiations went no further. On August 25, 2003, Garcia commenced an action against ECSD in Superior Court, seeking damages for his injuries. In filing its answer, dated September 26, 2003, ECSD denied any negligence on its part and asserted various affirmative defenses, including that Garcia's claim was barred by his failure to make adequate presentment in accordance with G. L. c. 258, § 4.[5]

In a subsequent motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), docketed on June 30, 2004, ECSD refined its presentment defense, arguing that presentment was legally inadequate because Garcia did not disclose facts as to the incident, allege any theory of liability, or make known

---

[4]The signature was that of "Scott B. Sullivan, Esquire" and did not refer to any official title.

[5]The timing of the answer (with its notice of a defense regarding defective presentment) occurred some twenty months after the February 1, 2002, accident and just over four months prior to the end of the two-year period in which a plaintiff must submit an adequate presentment letter, thus leaving more than four months for Garcia to file a corrected presentment letter. See *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51, 56 (1982) (observing that if the defendant had raised the issue of defective presentment in its answer, the plaintiff would have cured the defect).

Garcia's intention to prosecute a claim under the MTCA, and did not make presentment of his claim directly to Essex County Sheriff Frank Cousins. A judge allowed the motion to dismiss on September 1, 2004, and summary judgment entered for ECSD on September 3, 2004. A timely appeal followed.

*Discussion.* Prior to filing a civil tort suit against a public employer, G. L. c. 258, § 4, requires that a plaintiff "shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose."[6] "Presentment must be made 'in strict compliance with the statute.' " *Gilmore* v. *Commonwealth,* 417 Mass. 718, 721 (1994), quoting from *Weaver* v. *Commonwealth,* 387 Mass. 43, 47 (1982). See *Rodriguez* v. *Cambridge Hous. Authy.,* 59 Mass. App. Ct. 127, 134 n.7 (2003), *S.C.,* 443 Mass. 697 (2005), citing *Martin* v. *Commonwealth,* 53 Mass. App. Ct. 526, 529 (2002) (strict compliance refers more to whether the proper party was notified in a timely fashion, than to the adequacy of the content). We address two issues raised on appeal: (1) whether the proper person was sent notice; and (2) the adequacy of the content of the presentment.

*Person to whom notice is sent.* As a general rule, a party must present its claim directly to the executive officer of the public employer. See, e.g., *Weaver* v. *Commonwealth,* 387 Mass. at 47-48. The purpose of this rule is to provide notice to the highest ranking official with the ability to fully investigate, "arbitrate, compromise or settle" such claim, *Holahan* v. *Medford,* 394 Mass. 186, 189 (1985), quoting from G. L. c. 258, § 5, in order to ensure that the interests of the Commonwealth are protected. *Weaver* v. *Commonwealth,* 387 Mass. at 48. See *Lodge* v. *District Attorney for the Suffolk Dist.,* 21 Mass. App. Ct. 277, 283 (1985). An exception to the general rule exists where the record shows that the proper person had actual notice of the claim. See *Lopez* v. *Lynn Hous. Authy.,* 440 Mass. 1029, 1030-

---

[6]In relevant part, G. L. c. 258, § 4, inserted by St. 1978, c. 512, § 15, provides, "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section."

1031 (2003) (although presentment letters were not addressed to the appropriate person, the statutory purpose was fulfilled where the executive director had actual notice as demonstrated by his direct response to the claim). Constructive notice of the claim is insufficient. *Robinson* v. *Commonwealth*, 32 Mass. App. Ct. 6, 10 (1992).

In this case, it is agreed that Sheriff Frank Cousins was the executive officer and was thus the appropriate person to notify.[7] Garcia contends, however, that the record supports the inference that Sheriff Cousins had notice (and thus presentment was made to the appropriate person) because (1) the letterhead of ECSD had the sheriff's name on it in the upper left corner; and (2) the attorney or administrative person in the ECSD responded to the claim as an agent of Sheriff Cousins with the authority to investigate and settle the dispute. Therefore, Garcia argues, in the course of the investigation, Sheriff Cousins must have been made aware of the claim. We disagree.

The mere use of official letterhead is not sufficient to indicate that Sheriff Cousins had actual notice of the claim. Contrast *Lopez* v. *Lynn Hous. Authy.*, 440 Mass. at 1030-1031 (actual notice where the executive officer personally responded to the presentment); *Carifio* v. *Watertown*, 27 Mass. App. Ct. 571, 572 (1989) (sufficient communication where a copy of the presentment letter was sent by certified mail to the executive officer and that officer also received a copy of the reply).

Garcia's agency argument that the attorney who responded to the claim did so in a representative capacity sufficient to demonstrate notice to Sheriff Cousins is also without merit. "[T]he Legislature did not intend presentment to a public employer's attorney to suffice under G. L. c. 258, § 4, unless it specifically so indicated." *Holahan* v. *Medford*, 394 Mass. at 189. There is no such statutory indication here. See *ibid.* (declining to hold that presentment to the city solicitor is equivalent to presentment to the city manager, and stating that "[t]he city solicitor, though he or she may advise the city manager, does

---

[7]Compare *Baptiste* v. *Sheriff of Bristol County*, 35 Mass. App. Ct. 119, 127 (1993) (presentment required to be made to county commissioners). As of July 1, 1999, the government of Essex County was abolished, and the sheriff became an employee of the Commonwealth. See G. L. c. 34B, §§ 1, 12.

not possess the authority to settle a claim within the meaning of the statute").[8] Furthermore, the record presents no evidence that the attorney directly acknowledged representing the sheriff or that the sheriff had direct notice of this claim. Contrast *Carifio* v. *Watertown*, 27 Mass. App. Ct. at 575 (analogizing to a hypothetical situation where, if the town attorney specifically wrote to the claimant that the attorney "represent[s] the town manager, who has received notice of your making a claim," and directed the claimant to send his reply to the office of the town clerk, such a reply would "count . . . as a communication for practical purposes to the town manager through his representative").[9]

*Content of notice.* The statute does not state what must be included in the presentment letter. See *Martin* v. *Commonwealth*, 53 Mass. App. Ct. at 529 ("the requisite sufficiency of content in a presentment is easier to outline than to apply"). In *Gilmore* v. *Commonwealth*, 417 Mass. at 723, the Supreme Judicial Court observed that a "presentment letter should be precise in identifying the legal basis of a plaintiff's claim" and should not be "so obscure that educated public officials should find themselves baffled or misled with respect to [the plaintiff's] assertion of a claim . . . which constitutes a proper subject for suit within G. L. c. 258." See *Martin* v. *Commonwealth, supra* (discussing "the *Gilmore* test"); *Rodriguez* v. *Cambridge Hous. Authy.*, 59 Mass. App. Ct. at 134.

Here, the only allegation found in the presentment letters[10] is that an automobile accident occurred while Garcia was being transported by the ECSD, which resulted in his injuries. There was no statement providing notice of the legal basis of liability. Nor was there a detailed description of the facts from which to infer the basis of the claim. Contrast *Martin* v. *Commonwealth*, 53 Mass. App. Ct. at 530 (letter "precisely and unequivocally"

---

[8]*Holahan* construed G. L. c. 258, § 4, as in effect prior to 1988, when it was amended to allow presentment to city solicitors. Compare St. 1978, c. 512, § 15, with St. 1988, c. 217.

[9]As in *Holahan* v. *Medford, supra, Carifio* construed the requirements of G. L. c. 258, § 4, before its amendment in 1988. See note 8, *supra; Carifio* v. *Watertown*, 27 Mass. App. Ct. at 576 & nn.6, 7.

[10]Writings may be tacked together to establish a complete presentment. *Carifio* v. *Watertown*, 27 Mass. App. Ct. at 575.

set forth the factual basis of the claims); *Rodriguez* v. *Cambridge Hous. Authy.*, 59 Mass. App. Ct. at 129 (letter provided a detailed description of three home invasions, including the date and character of each incident and the types of damages sustained). Garcia's letters do not assert that his injuries were caused by negligence or wrongdoing, nor did they identify G. L. c. 258 as a basis of liability.[11] Contrast *Martin* v. *Commonwealth*, 53 Mass. App. Ct. at 527, 530 (while the presentment letter, captioned "Claim for damages under M.G.L. c. 258, s. 2," was "not a model of particularity," the "public official could clearly ascertain that, if substantiated, the claims would fall within the ambit of G. L. c. 258"); *Rodriguez* v. *Cambridge Hous. Authy.*, 59 Mass. App. Ct. at 135-136 (even though a "potentially important fact" was omitted from the presentment letter, it still made clear its allegation that the defendant acted negligently in maintaining the property securely).

Garcia's letters lend themselves to confusion regarding the basis for the claim: the form of the initial notice resembles an automobile insurance personal injury protection (PIP) claim where no allegation of fault need be made. In such cases the response of an insurer is to focus on the medical and wage issues. Also, the defendant's duty to provide medical care to Garcia, who was in the defendant's custody, is a constitutional duty, see *Jackson* v. *Commissioner of Correction*, 39 Mass. App. Ct. 566, 569 (1995), not the kind of duty covered by the MTCA. Therefore, even taken together, the letters fail to identify precisely the legal basis for the claim and are thus inadequate to fulfil the statutory purpose of the presentment requirement. Contrast *Martin* v. *Commonwealth*, 53 Mass. App.

---

[11]Indeed, other evidence in the record is consistent with the accident occurring without fault. "The bare fact that a motor vehicle is involved in an accident . . . does not ordinarily support a finding that its operator was negligent." *Conley* v. *Town Taxi, Inc.*, 298 Mass. 130, 132 (1937). In his presentment letters, Garcia failed to allege facts sufficient to infer negligence on the part of the driver or ECSD. See *id.* at 131-132 ("it is often impossible to say whether [the driver's] specific acts or his omissions to act are negligent unless the accompanying circumstances appear"). Contrast *McNally* v. *Union St. Ry. Co.*, 336 Mass. 760 (1957). Cf. *Mlynarchik* v. *Massachusetts Bay Transp. Authy.*, 3 Mass. App. Ct. 35, 37 (1975), and cases cited ("mere skidding of a motor vehicle, unexplained, is not evidence of negligence").

Ct. at 532 (concluding that "the letter, which specifically identified a legal basis . . . put the executive officer on notice of the time, place, and factual basis of the claims sufficiently to allow the opportunity to investigate, evaluate, settle, and avoid further liability"); *Rodriguez* v. *Cambridge Hous. Authy.*, 59 Mass. App. Ct. at 136.

*Policy issues.* Citing the cases of *Lopez* and *Carifio, supra,* Garcia argues that ECSD should be equitably estopped from contesting the sufficiency of presentment because the ECSD attorney lulled him into believing presentment was not at issue by stating in his letters that he would investigate and by subsequently making an offer of settlement for the claimed medical expenses. However, this is not a case of form over substance. As already noted, *supra,* the facially deficient presentments in *Lopez* and *Carifio* were excused because the record revealed unique factual circumstances showing that the executive officers had actually received and considered the written presentment, thus fulfilling the statutory purpose. That is not the case here. To "lull" a plaintiff into believing that presentment is not an issue, the defendant must affirmatively indicate that the presentment requirement has been met or is waived. See *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51, 53 (1982); *Holahan* v. *Medford*, 394 Mass. at 191; *Moran* v. *Mashpee*, 17 Mass. App. Ct. 679, 681 (1984). The evidence does not support such a conclusion, especially considering that Garcia had plenty of time to correct his presentment because the defendant's answer placed him on notice of his claim's deficiency before the time for presentment had run out. Contrast *Vasys* v. *Metropolitan Dist. Commn., supra.*

*Judgment affirmed.*