NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-300                                        Appeals Court


ALEXIS D. COREN-HALL[1]  vs.  MASSACHUSETTS BAY TRANSPORTATION
                        AUTHORITY.


No. 16-P-300.

Suffolk.     December 13, 2016. - February 23, 2017.

Present:  Milkey, Massing, & Sacks, JJ.


Practice, Civil, Presentment of claim under Massachusetts Tort
    Claims Act, Interlocutory appeal, Summary judgment.
    Massachusetts Tort Claims Act.  Notice, Claim under
    Massachusetts Tort Claims Act.  Massachusetts Bay
    Transportation Authority, General manager.



Civil action commenced in the Superior Court Department on
May 16, 2012.

The case was heard by Peter M. Lauriat, J., on a motion for
summary judgment, and a motion for reconsideration was
considered by him.


Amy Bratskeir (Jonathan P. Feltner also present) for the
defendant.

_____

[1] Nina Hall, Maleek Hall, Daja-Nae Hall-Ivery, and Timothy
Pruitt were also plaintiffs on the complaint.  The claims of all
plaintiffs, except Alexis D. Coren-Hall, were dismissed, in part
due to settlements of their claims, before entry of the order at
issue in this appeal.  Thus the only remaining plaintiff is
Alexis D. Coren-Hall.

Albert E. Grady for the plaintiff.

SACKS, J.   The defendant, Massachusetts Bay Transportation Authority (MBTA), appeals from a Superior Court order denying its renewed motion for summary judgment on plaintiff Alexis D. Coren-Hall's tort claim under the Massachusetts Tort Claims Act, G. L. c. 258.   The MBTA's motion asserted that Coren-Hall had failed to make presentment of her claim to the MBTA's "executive officer," as required by G. L. c. 258, § 4.   The judge denied the motion on the ground that, although Coren-Hall had not made presentment to the MBTA's executive officer, the executive officer nevertheless had "actual notice" of the claim.   We conclude that the MBTA's motion should have been allowed.[2]

Background.   Coren-Hall alleged that on May 10, 2010, she was injured when a negligently driven MBTA bus struck a vehicle that she was in the process of entering.   After she filed suit on May 16, 2012, the MBTA's answer asserted, as an affirmative defense, that she had failed to make proper presentment of her claim as required by G. L. c. 258, § 4.   In July, 2015, the MBTA

---

[2] In an unpublished memorandum and order issued on January 11, 2017, under our rule 1:28, we reversed the order denying the MBTA's motion.  See Coren-Hall v. Massachusetts Bay Transp. Authy., 90 Mass. App. Ct. 1125 (2017).  This opinion in general follows the rule 1:28 memorandum and order.  We publish this opinion to offer additional guidance to litigants and the trial courts on what has proven to be a recurring issue.

filed a renewed motion for summary judgment on that basis.[3]

Under G. L. c. 258, § 4, a tort claim against a public employer

must be presented to its "executive officer," defined in G. L.

c. 258, § 1, inserted by St. 1978, c. 512, § 15, as its "nominal

chief executive officer or board,"[4] within two years after the

cause of action arose.  The MBTA's motion asserted that,

although Coren-Hall had timely mailed notice of her claim to the

MBTA "Claims Department," she had never sent such notice to the

executive officer.  The judge denied the MBTA's motion, and this

appeal followed.[5]

Discussion.  The parties' joint statement of material facts

established as undisputed that Coren-Hall's then-attorney had

timely sent notice of the claim and subsequent supporting

---

[3] The prior proceedings are not germane to this appeal.

[4] Effective June 29, 2012, the Tort Claims Act was amended to define "[e]xecutive officer of a public employer" to mean, in the particular case of the MBTA, "its general manager and rail and transit administrator."  G. L. c. 258, § 1, as appearing in St. 2012, c. 132, § 3.  As the amendment took effect after the expiration of the two-year presentment period in this case, it is not applicable here.  For simplicity we use the term "executive officer" in this decision.

[5] The appeal is properly before us under the doctrine of present execution.  See Rodriguez v. Somerville, 472 Mass. 1008, 1009-1010 (2015) (city could immediately appeal denial of motion to dismiss tort claim based on defective presentment, because issue concerned city's sovereign immunity from suit under G. L. c. 258).  See generally Smith v. Massachusetts Bay Transp. Authy., 462 Mass. 370, 373-374 (2012) (under doctrine of sovereign immunity, MBTA may not be sued absent Commonwealth's consent, as now expressed in G. L. c. 258).

materials to the "MBTA Claims Department" in May of 2010 and May of 2011; the 2011 letter included a request to "turn this notice letter over to the proper authority for handling." The joint statement further established that Coren-Hall herself neither personally communicated with any MBTA personnel (including its executive officer) within the two-year period after the accident, nor knew what other communications her attorney might have had with such MBTA personnel in that period. The MBTA admitted that in the fall of 2014, after the two-year presentment period had passed, it had made settlement offers to Coren-Hall and the remaining plaintiffs other than Pruitt, and that those plaintiffs, but not Coren-Hall, had accepted the offers and settled their cases. See note 1, supra.

The judge, in denying the MBTA's summary judgment motion, noted that Coren-Hall did "not dispute that she presented her claim to the Claims Department, and not the executive officer of the MBTA as required by the statute." Nevertheless, the judge reasoned, "the MBTA was only able to extend settlement offers upon conducting an investigation of the plaintiffs' claims and receiving approval from those officials with the authority to negotiate a settlement," and accordingly, it was "apparent that the designated executive officer of the MBTA had actual notice of Ms. Coren-Hall's claim." The judge relied on the recognized "actual notice" exception, under which "the presentment

requirement will be deemed fulfilled if the plaintiff can show that, despite defective presentment, the designated executive officer had actual notice of the written claim."  Bellanti v. Boston Pub. Health Commn., 70 Mass. App. Ct. 401, 407 (2007), citing Lopez v. Lynn Hous. Authy., 440 Mass. 1029, 1030 (2003).  This was error.

"[T]he actual notice exception is narrow."  Bellanti, supra at 407.  "Under our precedents, notice to the executive officer will not be inferred or imputed from the fact that others with responsibility for investigation and settlement of the dispute received the plaintiff's presentment letter and were in contact with the plaintiff."  Id. at 408, citing Garcia v. Essex County Sheriff's Dept., 65 Mass. App. Ct. 104, 108 (2005).  See Holahan v. Medford, 394 Mass. 186, 189 (1985).

In Garcia, presentment was improperly made to a sheriff's chief fiscal officer, rather than the sheriff himself as executive officer.  65 Mass. App. Ct. at 105, 108.  Within the two-year presentment period, the sheriff's in-house counsel investigated the claim and made a written settlement offer, on sheriff's department letterhead.  Id. at 106.  After the claimant refused the offer and filed suit, the sheriff successfully moved to dismiss for failure to make proper presentment.  Id. at 106-107.  On appeal, this court rejected the claimant's "actual notice" argument -- that in all of the

circumstances, the sheriff "must have been made aware of the claim" -- and affirmed the dismissal.  Id. at 108-109, 111.

Under Garcia, a subordinate's settlement offer within the presentment period is an insufficient basis to conclude that the executive officer "must have" known of the claim.  It follows that the settlement offer in this case, made by unidentified MBTA personnel after the two-year presentment period had passed, falls even further short of a basis to conclude that the MBTA's executive officer had "actual notice" of the claim within the presentment period.[6]  The statute is "strict," requiring that presentment be "made to the proper executive officer . . . in a timely fashion."  Martin v. Commonwealth, 53 Mass. App. Ct. 526, 529 (2002).  Accord Garcia, 65 Mass. App. Ct. at 107.  Therefore, the judge erred in ruling that the "actual notice" exception applied to Coren-Hall's improper presentment.[7]

---

[6] In contrast, in Lopez v. Lynn Hous. Authy., supra, despite presentment improperly having been "addressed generically" to the housing authority, the executive officer himself, within the two-year presentment period, informed the claimant in writing that the claim had been investigated and denied.  This left no doubt that the executive officer had received timely "actual notice" of the claim.  440 Mass. at 1030-1031.

[7] Coren-Hall also argues that we should recognize an "equitable tolling" exception to the presentment requirement, similar to the exception to the Federal Tort Claims Act's deadlines for presentment and for filing suit.  See United States v. Kwai Fun Wong, 135 S. Ct. 1625 (2015).  We decline to consider the argument, because, inter alia, Coren-Hall has not identified any conduct on the part of the MBTA that hindered her ability to make proper presentment.  Contrast id. at 1629

"We recognize that this is a harsh result, particularly where it may have made no practical difference to the [MBTA] that [the executive officer], himself, was not notified of the plaintiff's claim." Bellanti, 70 Mass. App. Ct. at 408. "In the context of presentment, however, it has been held that '[i]t is irrelevant that the defendant may not have suffered any prejudice by reason of the lack of actual notice.' . . . We are not in a position to change that rule." Id. at 409, citing Robinson v. Commonwealth, 32 Mass. App. Ct. 6, 10 (1992). Therefore, we are constrained to conclude that the judge erred in denying the MBTA's motion.

Conclusion. For the foregoing reasons, on January 11, 2017, we determined that the MBTA was entitled to summary judgment in its favor.

---

(Federal court delay in issuing ruling caused claimant to miss deadline for filing suit); id. at 1630 (another claimant alleged that Federal agency had concealed essential information, causing her to miss presentment deadline).