NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1324

IRMINA MYSZKOWSKA

vs.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Irmina Myszkowska, appeals from a judgment issued by a judge of the Superior Court allowing the defendant's motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), or alternatively for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974).  The motion judge allowed the motion on the ground that the plaintiff failed to satisfy the presentment requirement of G. L. c. 258, § 4.  We affirm.

Background.  The plaintiff alleges that she was injured on October 5, 2019, when a Massachusetts Bay Transportation Authority (MBTA) fare gate closed on her wrist.  The plaintiff sent a presentment letter describing her claims to three people:

the Attorney General of the Commonwealth of Massachusetts, the Secretary of the Massachusetts Department of Transportation, and the Chairman of the Fiscal and Management Control Board of the Massachusetts Department of Transportation.[1]  The plaintiff did not present her claim to the MBTA General Manager.

After the plaintiff commenced her negligence action, the defendant filed a motion to dismiss or, alternatively, for summary judgment on the ground that the plaintiff failed to present her claim to the executive officer of the MBTA as required by G. L. c. 258, § 4.  After a hearing, the judge denied the motion without prejudice and ordered limited discovery to discover whether the defendant, nevertheless, had actual knowledge of the plaintiff's claim.  Following this limited discovery, the defendant renewed the motion.  The judge allowed the motion and dismissed the plaintiff's claim without an additional hearing on the grounds that the plaintiff failed

_____

[1] At the time that the plaintiff presented her claims, the board of directors of the Massachusetts Department of Transportation and the Fiscal and Management Control Board governed the MBTA.  See G. L. c. 161A, § 7, as amended through St. 2012, c. 242, § 9 (effective Aug. 9, 2012) ("The authority shall be governed and its corporate powers exercised by the board of directors of the Massachusetts Department of Transportation established under chapter 6C"); St. 2015, c. 46, §§ 199-200 (effective July 17, 2015) ("the control board shall be afforded all powers, responsibilities and obligations relative to the authority that are vested in the board, except as otherwise provided in this act").

2

to show that the MBTA's executive officer received actual notice of her complaint within two years of her alleged accident.

Discussion. "We review the grant of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, and determining whether the allegations plausibly suggest that the plaintiff is entitled to relief." Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 43 (2022).

The Massachusetts Tort Claims Act (MTCA) requires that "[a] civil action shall not be instituted against a public employer on a claim for damages . . . unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . ." G. L. c. 258, § 4. The MBTA is a public employer under the MTCA. G. L. c. 258, § 1 (defining "public employer" to include MBTA). At the time the plaintiff sent her presentment letter, the MTCA defined the executive officer of the MBTA as "its general manager and rail and transit administrator." G. L. c. 258, § 1, as amended through St. 2012, c. 132, § 3 (effective June 29, 2012).[2] "An

_____

[2] The MTCA now defines the executive officer of the MBTA as "its general manager." G. L. c. 258, § 1, as amended through St. 2024, c. 206, § 16 (effective Sep. 16, 2024).

oft-recited proposition is that presentment must be made 'in strict compliance with the statute.'" Martin v. Commonwealth, 53 Mass. App. Ct. 526, 528 (2002), quoting Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). The presentment requirement "ensure[s] that the responsible public official receives notice of the claim so that the official can investigate" (citation omitted). Murray v. Hudson, 472 Mass. 376, 384 (2015). "If a sensible construction is available, we shall not construe a statute to make a nullity of pertinent provisions or to produce absurd results." Flemings v. Contributory Retirement Appeal Bd., 431 Mass. 374, 375-376 (2000).

"[U]nder the 'actual notice' exception, the presentment requirement will be deemed fulfilled if the plaintiff can show that, despite defective presentment, the designated executive officer had actual notice of the written claim." Bellanti v. Boston Pub. Health Comm'n, 70 Mass. App. Ct. 401, 407 (2007). "Under our precedents, notice to the executive officer will not be inferred or imputed from the fact that others with responsibility for investigation and settlement of the dispute received the plaintiff's presentment letter and were in contact with the plaintiff." Id. at 408.

When the Legislature defined the MBTA's executive officer as the "general manager and rail and transit administrator," the

4

acting General Manager also held the title "Rail and Transit Administrator."  See Massachusetts Bay Transportation Authority, MBTA Announces Appointment of an Acting General Manager (Aug. 22, 2011), https://www.mbta.com/news/2011-08-22/mbta-announces-appointment-acting-general-manager ("Jonathan Davis will become the acting MBTA General Manager and MassDOT Rail and Transit Administrator"); G. L. c. 258, § 1, as amended through St. 2012, c. 132, § 3 (effective June 29, 2012).  Although no person in the MBTA held the title "general manager and rail and transit administrator" when the plaintiff presented her claims, Steve Poftak was, and held the title of, the MBTA General Manager. See G. L. c. 258, § 1.  Because the successor of the General Manager and Rail and Transit Administrator only held the title General Manager at the time the plaintiff presented her claims, the sensible construction of G. L. c. 258, § 1, was to take its reference to the MBTA's "general manager and rail and transit administrator" as referring to the "general manager," rather than allow a change in the precise title from one General Manager to the next to nullify the Legislature's decision to define the MBTA's executive officer in G. L. c. 258, § 1.  See Flemings, 431 Mass. at 375-376 ("If a sensible construction is available, we shall not construe a statute to make a nullity of

5

pertinent provisions or to produce absurd results").[3]  Indeed, as noted supra, the Legislature later amended G. L. c. 258, § 1, to define the MBTA's executive officer as "its general manager." G. L. c. 258, § 1, as amended through St. 2024, c. 206, § 16 (effective Sept. 16, 2024).  The plaintiff was therefore required to present her claims to the MBTA General Manager.  See G. L. c. 258, §§ 1, 4.

While the plaintiff did attempt to comply with the presentment requirement's intent by sending her presentment letter to the leadership of the Massachusetts Department of Transportation and the Fiscal and Management Control Board, which governed the MBTA at the time, see Murray, 472 Mass. at 384, the fact that the board governing the MBTA is involved in the "investigation, settlement and defense," G. L. c. 161A, § 38, of claims against the MBTA does not satisfy the

_____

[3] The fact that the Legislature defined the executive officer of the MBTA as its "general manager and rail and transit administrator" in June 2012 and then placed the Department of Transportation in charge of the MBTA in August 2012, just two months later, without redefining the executive officer of the MBTA further supports the conclusion that the Legislature intended the General Manager, rather than the Secretary of Transportation, to be the MBTA's executive officer for the purposes of G. L. c. 258, § 4.  See G. L. c. 258, § 1, as amended through St. 2012, c. 132, § 3 (effective June 29, 2012) (defining the executive officers of the MBTA as its "general manager and rail and transit administrator"); G. L. c. 161A, § 7, as amended through St. 2012, c. 242, § 9 (effective Aug. 9, 2012) (placing authority to govern the MBTA in "the board of directors of the Massachusetts Department of Transportation").

presentment requirement.  See Bellanti, 70 Mass. App. Ct. at 407 (declining to impute notice to executive officer where presentment was made to others with responsibility for investigating and settling disputes).  See also G. L. c. 161A, § 38 ("The board shall have charge of and supervise the investigation, settlement and defense of all such claims . . . ").  To fulfill the actual notice exception, the plaintiff therefore would have had to have shown that the General Manager received actual notice, which, undisputably, she did not do. Bellanti, supra.  Because the plaintiff did not present her claim to the MBTA General Manager and failed to show that the MBTA General Manager in fact received actual notice despite defective presentment, the motion judge correctly allowed the

defendant's motion.[4]  See G. L. c. 258, § 4.  See also <u>Bellanti</u>, <u>supra</u>.

<u>Judgment affirmed</u>.

By the Court (Blake, C.J., Desmond & Singh, JJ.[5]),

*Paul Little*

Clerk

Entered:  December 1, 2025.

---

[4] The plaintiff's reliance on G. L. c. 6C, § 18, to argue that presentment to the Attorney General was proper because of the Attorney General's statutory role appearing for the Massachusetts Department of Transportation also fails.  G. L. c. 6C, § 18, explicitly states that "[t]he office of the attorney general shall appear for the department, its divisions, departments, agencies and officers, <u>but not including the Massachusetts Bay Transportation Authority</u>" (emphasis added).

[5] The panelists are listed in order of seniority.